UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF SHELDON,<br>   Plaintiff,<br>  v.<br>THE SAN QUENTIN STAFF,<br>   Defendant. | Case No. 23-cv-00013-AMO (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

# INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Wasco State Prison and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983. The Court will grant plaintiff's motion for leave to proceed *in forma pauperis* in a separate written Order.

While difficult to decipher, plaintiff's 14-page complaint and over 500 pages of exhibits seem to raise multiple allegations with respect to events that occurred at San Quentin State Prison ("SQSP"), where he was formerly incarcerated from 2018 to 2022. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

# DISCUSSION

## I. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

2

## II. LEGAL CLAIMS

Plaintiff, who has filed multiple actions before the undersigned judge, has a tendency to file prolix pleadings that contain irrelevant information. Here, he seems to be asserting multiple claims for relief against a total of nine named defendants, multiple doe defendants, "the whole East Block staff," and "the San Quentin staff," from whom he seeks monetary damages. *See* Dkt. 5. As mentioned above, the allegations in the complaint cover a span of time from 2018 through 2022, during which period plaintiff was incarcerated at SQSP. *Id.*

Having reviewed the allegations in the complaint, the Court finds the following pleading deficiencies require that the complaint be dismissed with leave to amend.

### A.  Prolix, Incomprehensible, Redundant, and Frivolous Claims

While plaintiff has attempted to fill out the civil rights complaint form, under the section labeled "Statement of Claim" he indicates, "see written pages." Dkt. 5 at 2. Attached to the complaint are numerous handwritten pages,[1] which are disorganized and, at times, incomprehensible. *Id.* at 1-22. The complaint is not manageable in its present form. The "claim" section is difficult to decipher. *Id.* It is unparagraphed and is a rambling combination of scattered facts, argument, and discussion. *Id.* Plaintiff begins his claim by stating that he was "[t]orture[d] by technology . . . that scans the brain and tortured [him]" *see id.* at 3, and he repeats this claim throughout the complaint. Such a claim could be dismissed as factually frivolous (fantastic and/or delusional). *See Neitze v. Williams*, 490 U.S. 319, 327-28 (1989) (28 U.S.C. § 1915(d) gives the courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). Moreover, where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a)'s requirement of a short and plain statement of plaintiff's claim. *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996).

---

[1] The Court notes that plaintiff has submitted "written pages" on the back of his medical documents, which are entitled "Mental Health Documentation." *See* Dkt. 5 at 3-20. Thus, the Court only considers the odd-numbered pages on which his "claims" have been handwritten. *Id.* at 3, 5, 7, 9, 11, 13, 15, 17, 19.

1    The complaint will be dismissed with leave to amend. To assist plaintiff in structuring his Amended Complaint, the amendment must be on the Court's form for prisoner section 1983 complaints, with only a limited number of additional pages (as necessary). In his Amended Complaint, plaintiff must fill out the form and write out a complete statement of his claim. As mentioned, plaintiff has attached over 500 pages of exhibits to his complaint, apparently as a way to explain his claims, but the Court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is plaintiff's obligation to write out a complete statement of his claim in his Amended Complaint.

Plaintiff should keep in mind that he is suing individuals, so in order to state a claim he must present facts which make it plausible that each individual somehow violated his constitutional rights. It may be that using separate numbered paragraphs would make it easier to understand and organizing the claim section of the complaint into a section of facts, then a section of federal claims, and then a section of state law claims.

### B.  Exhaustion of Administrative Remedies

Even if plaintiff is able to amend his claims, a question which must be answered before plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must

4

they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, it is not clear if the claims raised in plaintiff's complaint have been exhausted through the administrative grievance procedure at SQSP. Plaintiff merely checks "Yes" when asked if he "present[ed] the facts in [his] complaint for review through the grievance procedure." Dkt. 5 at 1. He lists one of the appeals he filed on "June 23, 2022" at SQSP under the section for "Informal appeal" as "# 271274." *Id.* He then only filled out the section labeled, "First formal level" with two dates "9/8/2022 and 7/11/2022" and states: "Granted." *Id.* He has left blank the sections labeled, "Second formal level" and "Third formal level." *Id.* at 2. Finally, in response to the question as to whether "the last level to which [he] appealed" was "the highest level of appeal available to [him]," plaintiff checks "Yes." *Id.* However, plaintiff does not specifically address exhaustion of the grievance procedure at SQSP as to each claim, and instead he claims, in a conclusory fashion has exhausted his claims to the highest level of appeal. *Id.* Because plaintiff did not attach any of his grievance forms, the Court is unable to determine if plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, it appears that some of plaintiff's claims may be unexhausted and subject to dismissal. Therefore, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each SQSP defendant before he filed this action. If plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### C. Misjoined Claims

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed so that it may proceed separately. Fed. R. Civ. P. 21.

Here, as explained above, plaintiff's complaint is 14-page complaint with over 500 pages of exhibits. It seems to contain multiple "claims" and names nine defendants and six doe defendants, along with the entire SQSP staff. The complaint is extraordinary broad, and appears to touch upon various claims (some dealing with unintelligible claims such as being "torture[d] by technology" and others relating to possible claims, such as dental issues) that plaintiff found objectionable during his incarceration at SQSP between May 2018 through March 2022. Thus, these aforementioned claims against the nine named SQSP defendants cover a broad array of different incidents by different individuals over the course of almost four years. In his Amended Complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over a four-year period that he finds objectionable. He must choose what claims

6

1  he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his
2  Amended Complaint, they will be dismissed.

### D.     Rule 8

As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry*, 84 F.3d at 1179 (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section 1983. *Taylor*, 880 F.2d at 1045.

Here, plaintiff's claims cannot proceed as pleaded because he has not directly linked *all* of the named SQSP defendants to his allegations. Specifically, it seems that each of plaintiff's claims is brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims. Further, while it is not clear, some of the named SQSP defendants seem to be supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper. *Id.* Additionally, while plaintiff does directly link some individual SQSP defendants to some of his claims, the allegations in the 14-page complaint are so lengthy and unnecessarily detailed that the

7

1   Court cannot readily determine all of the injuries for which each of the 14 named SQSP
2   defendants is allegedly liable.

### E. Claims Against Doe Defendants

Plaintiff mentions he wishes to name as defendants various doe defendants whose names he apparently intends to learn through discovery. *See* Dkt. 5 at 9. Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, plaintiff's claims against these doe defendants are DISMISSED. Should plaintiff learn the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### F. Summation

In sum, plaintiff's complaint is not manageable in its present form, mostly due to plaintiff's tendency to file prolix pleadings that contain irrelevant information. Even if plaintiff's claims could be liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the complaint state cognizable claims for relief with respect to each of the 14 named SQSP defendants who were allegedly responsible for plaintiff's alleged injuries at the time he was incarcerated at SQSP. Furthermore, plaintiff has failed to allege that he has properly exhausted his claims and that they meet proper joinder requirements. Plaintiff also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, plaintiff will be given leave to file an Amended Complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While plaintiff must, in filing his Amended Complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, plaintiff should provide a concise statement identifying each SQSP defendant and the specific action or actions the defendant took, or failed to take, that

8

allegedly caused the deprivation of plaintiff's constitutional rights, as well as the injury resulting therefrom.  Additionally, plaintiff should not name any defendant who is linked solely in his respondent superior capacity or against whom plaintiff cannot allege facts that would establish supervisorial liability.  And, if plaintiff learns the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants.

Finally, plaintiff is reminded that his claims must be set forth in short and plain terms, simply, concisely and directly pursuant to Federal Rule of Civil Procedure 8 or risk dismissal.  *See McHenry*, 84 F.3d at 1177-78.  To facilitate this, the Court directs plaintiff to limit his Amended Complaint to at most **forty (40) pages or less**.  **If plaintiff fails to comply with these straightforward pleading requirements, the Court will dismiss plaintiff's proposed Amended Complaint.**  *Id.*

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

        ii. Identify **each SQSP defendant** and the **specific action or actions each SQSP defendant took, or failed to take**, that allegedly caused the deprivation of plaintiff's constitutional rights; and

        iii. Identify the injury resulting **from each claim**;

    b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each SQSP defendant** before he filed this action;

    c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because plaintiff may not list everything that has happened to him over a four-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

9

      i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

      ii. Present questions of law or fact common to **all SQSP defendants**;

  d. **Does not** make conclusory allegations linking each SQSP defendant by listing them as having "direct involvement" to his claims without specifying how each SQSP defendant was linked through their actions;

  e. **Does not** name any SQSP defendant who did not act but is linked solely in his or her respondent superior capacity or against whom plaintiff cannot allege facts that would establish either supervisorial or municipal liability;

  f. **Does not** name Doe Defendants; and

  g. **Does not** exceed **forty (40) pages** in length.

2. Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice to plaintiff moving for leave to amend to add them as named defendants once he learns their identities.

3. Within **twenty-eight (28) days** from the date of this Order, plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 23-cv-00013-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

1  informed of any change of address and must comply with the Court's orders in a timely fashion.
2  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
3  while an action is pending must promptly file a notice of change of address specifying the new
4  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
5  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
6  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
7  *se* party indicating a current address.  *See* L.R. 3-11(b).

8       5.     The Clerk shall send plaintiff a blank civil rights form along with a copy of this
9  Order.

10  **IT IS SO ORDERED.**

11  Dated:  September 5, 2023

_____
ARACELI MARTÍNEZ-OLGUÍN
United States District Judge